SCOTT E. BRADFORD, OSB # 062824
United States Attorney
District of Oregon
**SCOTT M. KERIN, OSB # 965128**
Assistant United States Attorney
Scott.Kerin@usdoj.gov
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:24-cr-00138-IM** |
| | **3:24-cr-00179-IM** |
| v. | |
| | **GOVERNMENT'S SENTENCING** |
| **MALEISI ARAZOLA-AGUILAR,** | **MEMORANDUM** |
| **Defendant.** | |

The government asks the Court to impose a sentence of 87 months' imprisonment, to be followed by a five-year term of supervised release.

The defendant has two drug cases before the Court for sentencing. Both cases involve the distribution and possession with intent to distribute significant amounts of fentanyl and the possession of firearms. One of the cases also involves a significant amount of methamphetamine. Given the nature of the cases, defendant's advisory sentencing guidelines, the societal harm caused by both fentanyl and methamphetamine, the defendant's possession of

**Government's Sentencing Memorandum**                                          **Page 1**

firearms, and the defendant's personal history and characteristics, the government believes the requested sentence is both reasonable and justified.

The defendant will also very likely be deported to Honduras as a result of his conviction.

## A.    Summary of Proceedings.

On April 2, 2026, the defendant pled guilty to two counts in two separate cases.  In Case No. 3:24-cr-00138-IM, the defendant waived indictment by the grand jury and pled guilty to Count 1 of a Superseding Information which charged him with engaging in a Conspiracy to Distribute and Possess with Intent to Distribute Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  In Case No. 3:24-cr-00179-IM, defendant pled guilty to Count 1 of the Indictment which charged him with Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A).  The maximum sentence the Court may impose in each case is a term of life imprisonment, fine of $10,000,000, and at least five years of supervised release.  There is a potential mandatory minimum sentence of ten years' imprisonment.  There is also a $100 fee assessment in each case.

A Presentence Report (PSR) has been completed.  The government has no objection to the PSR and believes the facts underlying the defendant's count of conviction (PSR ¶¶ 28 - 46), Sentencing Guideline calculations (PSR ¶¶ 50 - 62), and lack of criminal convictions (PSR ¶ 65) are accurately outlined in both the PSR and plea agreement.

In his plea agreement defendant admitted that:

**Factual Basis for Count 1**
**in Case No. 3:24-cr-138-IM**

[O]n or about March 21, 2024, here within the District of Oregon,
he conspired with others to distribute and possess with intent to distribute

**Government's Sentencing Memorandum**                                                    **Page 2**

fentanyl and that as part of the conspiracy they possessed for purposes of further distribution approximately 9.6 kilograms of a mixture and substance containing fentanyl.  On March 21, 2024, investigators with the Multnomah County Sheriff's Office Special Investigations Unit executed a search warrant on defendant's residence, which was shared with others, as well as on three vehicles associated with him.  Inside the residence and vehicles investigators found and seized approximately 9.6 kilograms of a mixture and substance containing fentanyl, in both powder and pill form; digital scales with drug residue; a blender with drug residue; a fentanyl brick press (a device used to compact fentanyl for purposes of further distribution); approximately 468 grams of methamphetamine; four firearms; approximately $20,560 in U.S. Currency; and, multiple cellular telephones.  Defendant was advised of his constitutional *Miranda* rights and interviewed and admitted that he used one of the phones to sell drugs and that there would be text messages on the phone regarding drug sales.  Defendant was then arrested on federal charges.

Trained drug investigators would testify that, based upon their experience, the amount of fentanyl found, in combination with the scales, blender, brick press, firearms, and cash indicted that defendant possessed the fentanyl for purposes of further distribution.  Fentanyl is a Schedule II controlled substance.

### Factual Basis for Count 1
### in Case No. 3:24-cr-179-IM

[O]n or about June 14, 2023, here within the District of Oregon, he possessed for purposes of further distribution approximately 428 grams of counterfeit M30 pills manufactured with fentanyl.  On June 14, 2023, officers with the Portland Police Bureau's Focused Intervention Team conducted a traffic stop on a vehicle defendant was driving.  Inside the vehicle officers found approximately 428 grams of counterfeit M30 pills manufactured with fentanyl and a loaded AR-15 style semiautomatic assault style rifle with no serial number (also known as a "ghost gun").  After defendant was arrested by the Portland Police he was subsequently released from jail.  Trained drug investigators would testify that, based upon their experience, the amount of counterfeit fentanyl pills found indicted that defendant possessed the fentanyl for purposes of further distribution.  Fentanyl is a Schedule II controlled substance.

Plea Agreement ¶ 6.

///

**Government's Sentencing Memorandum**                                    **Page 3**

These cases arose from two separate investigations. The 3:24-cr-00179-IM case arose from a Portland Police Bureau case in which on June 13, 2023, the Focused Intervention Team stopped and arrested the defendant in possession of approximately 428 grams of counterfeit M30 pills manufactured with fentanyl and a loaded AR-15 style semiautomatic assault style rifle with no serial number (also known as a "ghost gun"). PSR ¶¶ 28-29. The defendant was charged in state court and was not held in custody and failed to appear twice for court while the case was pending. Unbeknownst to people at the time, the defendant returned to dealing fentanyl.

The 3:24-cr-00138-IM case arose when, on March 21, 2024, investigators with the Multnomah County Sheriff's Office Special Investigations Unit (SIU) executed a search warrant on the defendant's residence and seized approximately 9.6 kilograms of a mixture and substance containing fentanyl, in both powder and pill form; digital scales with drug residue; a blender with drug residue; a fentanyl brick press (a device used to compact fentanyl for purposes of further distribution); approximately 468 grams of methamphetamine; four firearms; and, approximately $20,560 in U.S. Currency. PSR ¶¶ 37 – 40. Investigators had identified the defendant, and others associated with the residence, as selling fentanyl in downtown Portland and he was arrested. This time, however, a FBI Task Force Officer reached out directly to the U.S. Attorney's Officer and the defendant was arrested on federal charges and detained. After this arrest, the U.S. Attorney's Office learned of the prior Portland Police case and adopted that one for federal prosecution as well.

B.    **Sentencing Guideline Calculations.**

The Court, "in determining the particular sentence to be imposed," is required to consider the "sentencing range established" by the U.S. Sentencing Guidelines. 18 U.S.C. § 3553(a)(4).

**Government's Sentencing Memorandum**                                    **Page 4**

"The Guidelines are 'the starting point and the initial benchmark,'. . . and are to be kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (quoting *Kimbrough v. United States*, 552 U.S. 85, 108 (2007)). "All sentencing proceedings are to begin by determining the applicable Guideline range." *Id.*

## Initial Base Offense Level
### (34)

The parties agree that defendant's relevant conduct, pursuant to USSG §§ 1B1.3 and 2D1.1(a), results in an initial Base Offense Level of 34. PSR ¶ 52, Plea Agreement ¶ 8.

## Firearm Adjustment
### (two-level increase)

Because the defendant possessed a dangerous weapon in connection with the crimes (multiple firearms in both cases), the defendant's offense level should be increased by two-levels, pursuant to USSG § 2D1.1(b)(1). PSR ¶ 53, Plea Agreement ¶ 9(A).

## Maintaining Premises for Manufacturing/Distribution of a Controlled Substance
### (two-level increase)

Because defendant maintained a premises, in Case No. 3:24-cr-138-IM, for the purpose of manufacturing or distributing a controlled substance his offense level should be increase by two-levels, pursuant to USSG § 2D1.1(b)(1). PSR ¶ 54, Plea Agreement ¶ 9(B).

## Role Adjustment
### (five-level reduction)

In Case No. 3:24-cr-138-IM, because the defendant was one of multiple members of the conspiracy who was selling drugs from the residence and assisting a larger drug trafficking organization with the delivery of fentanyl, the government believes defendant is entitled to a

///

**Government's Sentencing Memorandum**                                    **Page 5**

two-level reduction as a minor participant, pursuant to USSG § 3B1.2(b).  PSR ¶ 56, Plea

Agreement ¶ 10(A).

Should the defendant qualify for this Role Reduction, pursuant to USSG § 3B1.2, the

defendant's Base Offense should then be decreased by additional three levels, pursuant to USSG

§ 2D1.1(a)(5).  PSR ¶ 52, Plea Agreement ¶ 10(B).

**Acceptance of Responsibility**
**(three-level reduction)**

Based upon defendant's guilty plea and acceptance of responsibility, pursuant to USSG §

3E1.1, the parties ask that the Court grant the defendant a three-level reduction in his offense

level.  PSR ¶¶ 60 - 61, Plea Agreement ¶ 13.

**Government's Estimated Sentencing Guideline Range**

The government's initial Sentencing Guideline calculations results in an Adjusted

Offense Level of 30 and with a Criminal History Category of I, an advisory sentencing guideline

range of 97 to 121 months' imprisonment.

Defendant is in custody.

**C.      Government's Recommended Sentence.**

After a review of the PSR, the nature of the offense, the defendant's overall role in the

offense, defendant's personal history and characteristics, defendant's resolution of his case, and

the sentencing materials submitted, we ask the Court to impose a total sentence of 87 months'

imprisonment, to be followed by a five-year term of supervised release.  We ask the Court to

impose this sentence in each of his pending cases with the sentences to be served concurrently.

///

The defendant was involved in the distribution of fentanyl and methamphetamine, two of the most addictive, destructive, and deadly poisons that have been devastating the community. According to law enforcement:

> Fentanyl and methamphetamine remain the primary drug threats, affecting community livability and contributing to drug-related overdose deaths and criminal activity, including crimes against persons and property in the HIDTA region.  In 2023, fentanyl was linked to 75.9% of overdose deaths in Oregon and 51% in Idaho.  Methamphetamine was present in 63.5% of Oregon's overdose deaths and 38% of Idaho's.  Together, these two substances accounted for 41.3% of overdose fatalities in both states.

OREGON-IDAHO HIGH INTENSITY DRUG TRAFFICKING AREA (HIDTA) 2026 THREAT ASSESSMENT, 2025, at 5 (https://oridhidta.org/reports).

Defendant's crime, even accounting for his minor role, is very serious.  Here, the defendant was primarily a fentanyl dealer and fentanyl kills, even in small amounts.  This defendant, however, was responsible for the distribution of significant amounts of fentanyl.  At the same time, he also possessed firearms, which created a heightened danger to both the community and law enforcement.

The death toll from fentanyl is truly frightening.  For Americans aged 18 to 45, overdoses – primarily the result of illicit fentanyl – remain the leading cause of death.  *CDC Reports Nearly 24% Decline in U.S. Drug Overdose Deaths*, CDC Newsroom (Feb. 25, 2025); *DEA Administrator on Record Fentanyl Overdose Deaths,* Get Smart About Drugs (August 17, 2024).  In 2022, within the United States, fentanyl was responsible for an average of more than 200 deaths every day and a total of 73,654 people died from fentanyl overdoses.  *Are Fentanyl Overdose Deaths Rising in the U.S.*, USAFACTS (Sept. 27, 2023).  Here in Oregon, between 2015 and 2021, Oregon experienced a 932% increase in fentanyl overdose deaths.  *Fentanyl by*

**Government's Sentencing Memorandum**                                                        **Page 7**

*State Report*, Families Against Fentanyl (Feb. 4, 2023). In 2022, Oregon alone experienced a total of 839 fentanyl related overdose deaths. Oregon Health Authority Oregon Department of Education Fentanyl & Opioid Response Toolkit for Schools (January 2024). In 2023, within Oregon there were 1,833 overdose deaths, and of those 1,272 were the result of synthetic opioids, such as illicit fentanyl. *Oregon Overdose Prevention Dashboard*, Oregon Health Authority (May 1, 2025). In 2023, "Oregon had the highest rate of increase in fentanyl deaths in the nation with a one-year increase of more than 67[%], compared to a national average of 5[%]." *Oregon, Washington see largest increases in fentanyl deaths since last year*, KPTV 12 (Sept. 26, 2023).

Even with the most recent decreases in overdose deaths, both nationally and in Oregon, "[f]entanyl continues to be the primary cause of drug overdose deaths in the United States," to include here within Oregon. *Fentanyl Continues to Be the Leading Cause of Overdose Deaths. What's Being Done to Combat Trafficking into the United States?,* WatchBlog: Following the Federal Dollar, U.S. Government Accountability Office (Sept. 4, 2025); *Oregon overdose deaths are down, CDC data shows,* Oregon Health Authority (May 16, 2025) (While "Oregon's overdose deaths decreased 22% between December 2023 and December 2024, a trend similar to that experienced nationwide . . . The count is still much higher than pre-pandemic years, with 1,480 deaths within that one-year time span, CDC data show."); *U.S. Overdose Deaths Decrease Almost 27% in 2024,* National Center for Health Statistics, U.S. Centers for Disease Control and Prevention (CDC) (May 14, 2025)( https://www.cdc.gov/nchs/pressroom/releases/20250514) (in 2024 "there were there were an estimated 80,391 drug overdose deaths in the United States – a decrease of 26.9% from the 110,037 deaths estimated in 2023" and of those

**Government's Sentencing Memorandum**                                    **Page 8**

deaths, in 2023, 76,282 involved synthetic opioids (fentanyl) and in 2024, 48,422 involved synthetic opioids (fentanyl)).

Accordingly, after evaluating the competing sentencing factors outlined in 18 U.S.C. § 3553(a) which include the nature and circumstances of the offense; the defendant's characteristics; the need for the sentence imposed to reflect the seriousness of the offense; the need for the sentence to promote respect for the law; the need for the sentence to afford adequate deterrence to criminal conduct; the need for the sentence to provide just punishment for the offense; the need to protect the public from further crimes of the defendant; and, the need to provide the defendant with needed training or other corrective treatment, we believe a sentence of 87 months' imprisonment is reasonable. We ask the Court to impose it, to be followed by a three-year term of supervised release.

At the time of sentencing we ask that the Court dismiss the original indictment in Case No. 3:24-cr-138-IM and Count 2 in Case No. 3:24-cr-179-IM.

There is an appeal waiver.

Following his sentencing the defendant will likely be deported to Honduras.

Dated: August 5, 2026.                          Respectfully submitted,

                                                SCOTT E. BRADFORD
                                                United States Attorney

                                                /s/ *Scott Kerin*

                                                SCOTT M. KERIN, OSB # 965128
                                                Assistant United States Attorney

**Government's Sentencing Memorandum**                          **Page 9**